THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID TRUSLOW,<br>As Administrator of the Estate<br>Of Matthew Truslow, Deceased,<br>1325 N. Main St., #3<br>Waynesboro, VA 22980<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER COURSEN<br>3802 Porter St., N.W.<br>Washington, DC 20016<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff provides as follows for his Complaint against Christopher Coursen ("Coursen" or "Defendant").

## NATURE OF THE ACTION

1. Plaintiff sets forth herein a Complaint alleging the wrongful death of his fraternal twin brother, Matthew Truslow ("decedent"). Plaintiff alleges that as a result of the negligent acts of Defendant in making an illegal left turn at an intersection in the District of Columbia, decedent's motorcycle struck Defendant's jeep, whereupon decedent was thrown from the motorcycle, landed in the street, and decedent suffered internal injuries resulting in his death. Plaintiff brings his claims pursuant to the District

## JURISDICTION

2. Jurisdiction over the claims in this action is conferred upon this Court pursuant to 28 U.S.C. § 1332 because the parties in this litigation are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## VENUE

3. Venue is appropriate in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391 (a), because the conduct complained of occurred within the judicial district, and the Defendant has sufficient contacts to be subject to personal jurisdiction in the district.

## THE PARTIES

4. Plaintiff David Truslow is the Administrator of the Estate of Matthew Truslow ("decedent") and he resides in Waynesboro, Virginia. Plaintiff was duly qualified as the Administrator of decedent's estate on November 1, 2005 by the Circuit Court of Fairfax County, Virginia.

5. Defendant Christopher Coursen ("Defendant" or "Coursen") is an individual that resides in the District of Columbia.

## FACTS COMMON TO ALL COUNTS

6. On September 1, 2005, at approximately 4:30 p.m., Defendant was operating a jeep vehicle on Nebraska Avenue, N.W. in the District of Columbia.

7. As Defendant approached the intersection of Nebraska and Connecticut

Connecticut Avenue. Cars are prohibited from making a left turn at that intersection during "rush hour."

9. Despite the sign, Defendant attempted to make the left, but as his jeep was entering the intersection, decedent's motorcycle was coming in the opposite direction on Nebraska Avenue.

10. Upon seeing the jeep making the illegal left turn, decedent attempted to break to avoid the jeep, but he was unable to do so and his motorcycle hit the tail end of the jeep and flipped over the back of it.

11. Decedent was thrown from his motorcycle and landed on the pavement.

12. Decedent lay immobile on the pavement with belabored breathing.

13. Decedent attempted to get up, but was told by an eyewitness to lay still. Decedent told the eye witness that his name was "Matt" and that his stomach hurt.

14. Decedent was rushed to Washington Hospital Center whereupon he was provided medical services for internal injuries to his chest and abdomen areas.

15. Unfortunately, decedent, Matthew Truslow, was unable to survive the injuries he sustained as a result of the accident and he was pronounced dead at 7:52 p.m. on September 1, 2005.

16. At the scene of the accident, Defendant Coursen was given a traffic citation for failure to yield the right of way. Decedent was not cited for any traffic violation.

## STATEMENT OF CLAIMS

### COUNT I – SURVIVAL OF RIGHTS ACTION, D.C. CODE § 12-101

17. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully pled herein.

18. As the Administrator of Matthew Truslow's estate, Plaintiff brings this action to maintain the claim of negligence and negligence *per se* that decedent would have had against the Defendant had the decedent survived his injuries.

19. While operating his vehicle in the District of Columbia, Defendant owed a duty to other motorists to use due care in operating his vehicle and to follow the traffic laws and signs posted on the road.

20. Defendant breached his duty to the decedent by making an illegal left turn, despite a clearly posted sign prohibiting the Defendant from making the turn.

21. Defendant's failure to yield the right of way was negligent and negligence *per se* as Defendant's violation of the District of Columbia traffic laws caused the injuries sustained by the decedent.

22. As a direct and proximate result of the Defendant's breach of his duty of care by making an illegal left turn in front of the decedent's motorcycle, the decedent crashed into Defendant's jeep, was thrown from his motorcycle and died from his injuries.

24.     Based upon Defendant's negligent acts of making an illegal left turn and failing to yield the right of way, Defendant is liable to the decedent's Estate under the District of Columbia Survival of Rights Statute, D.C. Code § 12-101.

### COUNT II-WRONGFUL DEATH ACTION, D.C. CODE § 16-2701

25.     Plaintiff repeats and re-alleges each and every allegation set forth above as if fully pled herein.

26.     Defendant's negligence was a wrongful act which proximately caused the death of Matthew Truslow in violation of D.C. Code Section 16-2701.

27.     Matthew Truslow's next of kin seek damages for his wrongful death for, *inter alia*, the loss of Matthew's care, guidance, advice, and financial maintenance.

### RELIEF REQUESTED

WHEREFORE, Plaintiff David Truslow, as Administrator of the Estate of Matthew Truslow, requests that this Court enter judgment against the Defendant based upon violations of the statutes cited herein, to include:

1.      An award of all compensatory, special and general damages under the D.C. Survival Statute including, but not limited to, decedent's pain and suffering and pre-death mental anguish, decedent's hospital and medical bills, as well as decedent's lost future earnings and benefits in an amount of not less than $2,500,000.00.

2.      An award of all compensatory, special, and general damages under the D.C. Wrongful Death Statute to decedent's next of kin for, *inter alia*, their loss of

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

*Malik K. Cutlar*

Malik K. Cutlar, Esq., D.C. Bar # 438359
Seth C. Berenzweig, Esq., D.C. Bar # 435391
ALBO & OBLON, L.L.P.
2200 Clarendon Blvd., Suite 1201
Arlington, Virginia 22201
(703) 312-0849 (Telephone)
(703) 312-0415 (Facsimile)

Counsel for Plaintiff

Dated: May 1, 2006